1    **WO**

2

3

4

5

6                      IN THE UNITED STATES DISTRICT COURT

7                         FOR THE DISTRICT OF ARIZONA

8

9

10   Eugene Earl Harwood,                    )
                                             )
11              Plaintiff,                    )       No. CV-06-2395-PHX-PGR (DKD)
            vs.                              )
12                                           )
     Sheriff Ralph E. Ogden, et al.,         )              ORDER
13                                           )
                Defendants.                  )
14   _____)

15          Pending before the Court is the defendants' Motions [sic] for Sanctions

16   (doc. #22), filed November 20, 2007, wherein the defendants seek the dismissal

17   of this civil rights action pursuant to Fed.R.Civ.P. 37(d) due to the plaintiff's two

18   failures to attend his properly noticed deposition and his failure to respond in any

19   manner to the defendants' two sets of interrogatories and their request for

20   production of documents.  The plaintiff has to date failed to respond in any

21   manner to the defendants' properly served motion and his time for doing so under

22   LRCiv 7.2(c) has long since expired.[1]   The defendants argue, and the Court

23   _____

          [1]

24          The plaintiff was incarcerated at the time he commenced this §1983
     action on October 10, 2006.  On August 8, 2007, however, the plaintiff filed a
25   change of address that indicated that he was no longer incarcerated.  The
     defendants mailed their notice resetting the plaintiff's deposition to October 18,
26   2007, their discovery requests, and their motion for sanctions to the plaintiff at his
     new address.

1    concurs, that the record establishes that the plaintiff has abandoned the

2    prosecution of this action.

3           Having reviewed the record, the Court concludes that the plaintiff's failure

4    to object to the defendants' motion seeking the dismissal of this action should be

5    deemed to be his consent to the granting of the motion and the Court thus finds

6    that the motion should be summarily granted pursuant to LRCiv 7.2(i).[2]

7    Therefore,

8           IT IS ORDERED that the defendants' Motions [sic] for Sanctions (doc. #22)

9    is granted pursuant to LRCiv 7.2(i) and that this action is dismissed in its entirety

10   with prejudice.  The Clerk of the Court shall enter judgment accordingly.

11          DATED this 6th day of February, 2008.

Paul G. Rosenblatt
United States District Judge

---

[2]

        LRCiv 7.2(I) provides in relevant part that "if the unrepresented party or counsel does not serve and file the required answering memoranda, ... such non-compliance may be deemed a consent to the ... granting of the motion and the Court may dispose of the motion summarily."